UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>For the use and benefit of )<br>MILESTONE CONTRACTORS, L.P., )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>TOLTEST, INC. and )<br>FIDELITY AND DEPOSIT COMPANY OF )<br>MARYLAND, )<br>      Defendants. ) | 1:08-cv-1004-WTL-JMS |

## ORDER

This cause is before the Court on a Motion to Dismiss filed by Defendants, TolTest, Inc. ("TolTest") and Fidelity and Deposit Company of Maryland ("FDCM"). In their motion, Defendants argue that this cause should be dismissed for lack of personal jurisdiction and improper venue.

For the reasons explained herein, the motion is **GRANTED**.

## I. BACKGROUND

TolTest was awarded a prime contract by the Indiana National Guard to complete a dining hall project at Camp Atterbury, a federal facility located on federal property in this district and located in Edinburgh, Indiana. FDCM is TolTest's surety and issued a bond for the project. Subsequently, on or about November 7, 2007, TolTest entered into an agreement with Milestone Contractors, L.P. ("Milestone") to perform part of the work as a sub-contractor. Specifically,

Milestone was to complete certain asphalt paving and related work, such as excavation, called for by the prime contract.

Thereafter, Milestone began work on the project; however, a dispute arose between the parties regarding the scope of the work to be performed, timing of the work, and compensation. Ultimately, after the parties had reached an impasse, TolTest invoked certain provisions in the agreement to terminate the agreement and remove Milestone from the project. Milestone then brought this suit pursuant to the Miller Act, 40 U.S.C. § 3313, seeking compensation for, *inter alia*, breach of contract and wrongful termination of the agreement.

## II. DISCUSSION

Although Defendants couch their motion in terms of "lack of personal jurisdiction" and "improper venue," what they are really asking the Court to do is enforce a forum selection provision in the parties' agreement. That provision stated as follows:

> 16.1   The validity, interpretation, and performance of this Agreement and the Purchase Order shall be governed, construed and interpreted in accordance with the laws of Ohio without regard to its laws regarding conflict or choice of laws and each of the Parties waives any an all objection which it may have based on improper venue or forum non conveniens to the conduct of any such action or proceeding in such court. Subcontractor and TolTest agree to submit to the exclusive jurisdiction and venue of any Federal, state, or local court, having a situs within the state of Ohio with respect to any dispute, claim or suit, whether directly or indirectly arising out of or relating to this Agreement or the obligations of either party hereunder.

Compl., Ex. 1.

The parties agrees that a federal district court has exclusive jurisdiction over matters brought pursuant to the Miller Act. They are also in agreement that the language in § 3133(b)(3) indicating that such an action should be brought in the district where the contract was performed is a venue

requirement that is subject to contractual waiver by a valid forum selection clause.  The sole issue for the Court then is whether the forum selection provision of the agreement between TolTest and Milestone is valid and enforceable.

The validity of a forum selection clause is based on a consideration of state law.  *See, e.g.*, *McCloud Constr., Inc. v. Home Depot USA, Inc.*, 149 F. Supp. 2d 695, 700 (E.D. Wis. 2001).  In Indiana, forum selection clauses are enforceable "if they are reasonable and just under the circumstances and there is no evidence of fraud or overreaching such that the agreeing party would be deprived of a day in court."  *Adsit Co. v. Gustin*, 874 N.E.2d 1018, 1022 (Ind. Ct. App. 2007).  In this case, there is no evidence of any fraud or overreaching, much less an allegation of such conduct.  Moreover, there is no indication that either party is an unsophisticated entity incapable of understanding the terms of the agreement that it entered.  Instead, Milestone contends that the forum selection provision is invalid in light of Indiana Code § 32-28-3-17, which is a part of Indiana's statutes governing mechanic's liens.  The statute provides that provisions in a contract for the improvement of real estate in Indiana that make the contract subject to the laws of another state or require litigation in another state are void.

Milestone provides no authority or argument to explain why this statute should apply to a contract dealing with an improvement at a federal military installation.  In fact, Indiana courts have concluded that the state's mechanic lien's provisions do not apply to projects for the improvement of public property.  *See, e.g.*, *J.S. Sweet Co. v. White County Bridge Comm'n*, 714 N.E.2d 219, 223 (Ind. Ct. App. 1999).  Moreover, the Court is unpersuaded by the unpublished, non-precedential decision from the Northern District of Indiana in *Pirson Contractors, Inc. v. Scheuerle Fahrzeugfabrik, GmbH*, No. 2:07-cv-123, 2008 WL 927645 (N.D. Ind. Apr. 3, 2008).  *Pirson* is

inapposite based on the factual differences between it and the case at bar; it did not involve a contract pertaining to public property. In light of these circumstances, the Court concludes that Indiana Code § 32-28-3-17 does not apply in this case. Accordingly, the forum selection provision is valid and enforceable, and Defendants' motion must be **GRANTED**.[1]

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Docket No. 20) is **GRANTED** and this cause is **DISMISSED**.

IT IS SO ORDERED: 05/27/2009

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Robert J. Orelup
DREWRY SIMMONS VORNEHM, LLP
rorelup@drewrysimmons.com

Thomas A. Pastore
PASTORE & GOODEN
tpastore@pastoregooden.com

David L. Simmons
DREWRY SIMMONS & VORNEHM LLP
dsimmons@drewrysimmons.com

---

[1] The Court would have been happy to transfer this cause to Ohio pursuant to 28 U.S.C. § 1404 had either party requested such action. Nonetheless, as Defendants concede in their reply brief, Milestone may reinstitute this cause by refiling it with one of the federal district courts in Ohio.